UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:11-CR-76 |
| CONNIE YORK, | ) ) | (PHILLIPS/SHIRLEY) |
| Defendant. | ) ) | |

## ORDER OF REVOCATION OF PRETRIAL RELEASE
## PENDING TRIAL

A detention and revocation hearing on the Petition for Action on Conditions of Pretrial Release [Doc. 21] was held in this case on September 29, 2011. Assistant United States Attorney Melissa M. Kirby appeared on behalf of the Government. Attorney Susanne Bales represented the Defendant, who was also present.

On July 20, 2011, the Defendant was released on personal recognizance with an Order Setting Conditions of Release [Doc. 9]. The conditions of the Defendant's release [Doc. 9] included the conditions that she not commit another federal, state, or local crime while on bond in federal court; that she report to the United States Probation Office as directed; that she restrict her travel to the Eastern District of Tennessee unless authorized by the Probation Office; that she avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, except for her husband, Bobby York; that she refrain from possessing a firearm, refrain from any use of alcohol, and refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in Title 21 U.S.C. § 802, unless prescribed

1

by a licensed medical practitioner; that she submit to any testing required by the pretrial services office or the supervising officer to determine whether she is using a prohibited substance and that she refrain from obstructing or attempting to obstruct or tamper with the efficiency and accuracy of the testing or monitoring; that she participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office considers it advisable; and that she report as soon as possible to the United States Probation Officer if she has any contact with law enforcement personnel.

On September 28, 2011, this matter came before the Court for an initial appearance on the Petition for Action on Conditions of Pretrial Release [Doc. 21], filed that day. The petition states that:

The Defendant's drug test on July 20, 2011 was positive for methadone and oxycodone, and the United States Probation Office referred her to the emergency room for detoxification after discussing her substance abuse with her. On July 21, 2011, the Defendant was admitted into Ridgeview Psychiatric Center in Oak Ridge, Tennessee, for further detoxification. On July 26, 2011, the Defendant was referred to the Counsel for Alcohol & Drug Abuse Services ("CADAS") in Chattanooga, Tennessee, for a 28-day in-patient treatment program, which she completed on August 23, 2011. Following her completion of the CADAS program, the United States Probation Office instructed the Defendant to followup with individual counseling at Midway Rehabilitation Center ("Midway") once a week. While at Midway on August 31, 2011, the Defendant again tested positive for oxycodone. At first, the Defendant denied using oxycodone to the Midway employees, but she later admitted her drug use to her officer at the United States Probation Office.

2

Case 3:11-cr-00076-TWP-CCS   Document 25   Filed 10/03/11   Page 2 of 4   PageID #: 57

On September 9, 2011, while meeting with her pretrial services officer about her non-compliance, the Defendant submitted to a urine test, which tested positive for oxycodone, methamphetamine, and morphine. The Defendant signed a chain of custody form, admitting that she used methamphetamine on September 6, 2011, and both oxycodone and hydrocodone on September 7, 2011. At the Defendant's September 9, 2011 non-compliance meeting, she was reprimanded and instructed to continue individual counseling and drug testing at Midway, as well as encouraged to attend Alcoholics Anonymous or Narcotics Anonymous meetings each day.

On September 19, 2011, the Defendant failed to report for her individual counseling appointment at Midway, and she did not call to reschedule. Next, on September 22, 2011, the Defendant failed to appear for her code-a-phone drug test. After the pretrial services officer attempted without success to contact the Defendant for several days, the Defendant returned the officer's telephone call on September 26, 2011, and informed her that she had illegally obtained and used oxycodone on September 25. After failing to contact Midway, the Defendant was discharged from individual counseling there on September 26, 2011. On this basis, the Government moved for detention and for revocation of the Order Setting Conditions of Release.

On September 29, 2011, the Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the Defendant had violated the terms of the Order Setting Conditions of Release and, if such violation had occurred, whether sanctions were appropriate. At the hearing, the Government moved for detention and revocation, and the Defendant acknowledged that she understood she was entitled to a hearing. The Defendant signed a Waiver of Detention Hearing and declined to admit or deny the specific allegations in the petition with regard to revocation. The Defendant stated that she understood that she would remain in custody pending trial.

Because the Defendant has provided no defense to the allegations in the petition nor offered any alternative conditions upon which she could be released, the Court finds, by clear and convincing evidence, that the Defendant poses a serious risk of danger to the community, and that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant were to remain on bond.  See 18 U.S.C. § 3148(b)(1)(B) & -(2)(A).  The Court also finds that the Defendant is "unlikely to abide by conditions or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B).  Accordingly, the Order Setting Conditions of Release [**Doc. 9**] is hereby **REVOKED**.

The Defendant is **ORDERED** remanded to the custody of the United States Marshal to await her trial, which is presently set for **February 7, 2012,** before the Honorable Thomas W. Phillips, United States District Judge.  The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility.  The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge